**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

CARL PRINCE-QADOSH,
ADC #86750                                                                                             PETITIONER

V.                                           5:08CV00010 WRW/JTR

ARKANSAS BOARD OF CORRECTION, et al.                               RESPONDENTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended partial disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the

United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Introduction

Petitioner, who is currently incarcerated at the Jefferson County Jail and Correctional Facility of the Arkansas Department of Correction, has filed a *pro se* Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, and an Application to Proceed *In Forma Pauperis*. *See* docket entries #1 and #2. For the reasons set forth herein, the Court recommends that: (1) the § 2241 Habeas Petition be dismissed, with prejudice; and (2) the Application to Proceed *In Forma Pauperis* be denied, as moot.

## II. Discussion

On January 14, 2008, Petitioner filed a § 2241 Habeas Petition asserting that he is being provided inadequate medical care for a double inguinal hernia. *See* docket entry #2. By way of relief, Petitioner asks that a "writ of habeas corpus be granted to set him free from this unconstitutional confinement." *Id.* at 8.

It is well settled that a complaint, filed pursuant to 42 U.S.C. § 1983, is used to challenge the conditions of a prisoner's confinement, while a habeas petition is used to challenge the legality of a criminal conviction or sentence. *Wilkinson v. Dotson*, 544 U.S. 74 (2005); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (explaining that prisoner's labeling of a suit is not controlling, and instead, a court must look to substance of pleading to determine if is a § 1983 action or habeas petition). Thus, Petitioner's inadequate medical care claim should be pursued in a § 1983 action, instead of a habeas petition.

It is appears that Petitioner has chosen not to do so because he is a well established three-striker, as defined by 28 U.S.C. § 1915(g).[1] *See Prince v. Norris*, 5:05CV00023 (E.D. Ark. 2005) (listing Petitioner's <u>seven</u> prior strikes and dismissing the case, without prejudice, pursuant to §1915(g)). Petitioner should not be allowed to circumvent the three-strike rule by bringing his inadequate medical care claim in a habeas action.

Accordingly, the Court recommends that the habeas petition be dismissed, with prejudice. The Court further recommends that Petitioner be provided with a § 1983 Complaint Form so that he may, if he so chooses, properly pursue his inadequate medical care claims. Importantly, if Petitioner chooses to file a § 1983 Complaint, he must either: (1) pay the $350 filing fee in full; or (2) clearly set forth how the alleged denial of adequate medical care is placing him in imminent danger of serious physical injury, as set forth in 28 U.S.C. § 1915(g).

IT IS THEREFORE RECOMMENDED THAT:

---

[1] 28 U.S.C. § 1915(g) provides that a prisoner may not proceed with a civil suit *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

1. Petitioner's § 2241 Habeas Petition (docket entry #2) be DISMISSED, WITH PREJUDICE.

2. Petitioner's Application to Proceed *In Forma Pauperis* (docket entry #1) be DENIED, AS MOOT.

3. The Clerk be directed to provide Petitioner with a § 1983 Complaint Form, along with an *In Forma Pauperis* packet.

Dated this 18th day of January, 2008.

_____
UNITED STATES MAGISTRATE JUDGE